1  Mark E. Ellis - 127159
   Andrew M. Steinheimer - 200524
2  Amanda N. Griffith - 288164
   ELLIS LAW GROUP, LLP
3  740 University Avenue, Suite 100
   Sacramento, CA  95825
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5
6  Attorneys for Defendant RASH CURTIS & ASSOCIATES

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | CELSO BORGES,                              | Case No.:
12 |     PLAINTIFF,                             | Contra Costa Case No.:  L16-00731
13 | v.                                         | **DEFENDANT RASH CURTIS & ASSOCIATES' NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)**
14 | RASH CURTIS & ASSOCIATES, AND DOES 1 THROUGH 20, INCLUSIVE, |
15 |     DEFENDANTS.                            |
16

17

18       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19       PLEASE TAKE NOTICE that defendant RASH CURTIS & ASSOCIATES hereby removes to
20 this Court the state court action described below:

21       1.      On March 4, 2016, an action was commenced in Superior Court, State of California,
22 Contra Costa County, entitled CELSO BORGES, Plaintiff, v RASH CURTIS & ASSOCIATES,
23 Defendant, as case no. L16-00731

24       2.      On or about March 17, 2016, RASH CURTIS & ASSOCIATES was served with the
25 Complaint, attached hereto as **Exhibit A**.

26       3.      This Court has jurisdiction to hear this case because this action is a civil action of which
27 this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this
28 Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(a)** in that it arises under the federal

- 1 -

1  Fair Debt Collection Practices Act (**15 U.S.C. § 1692,** *et seq.*) and Telephone Consumer Protection Act
2  (**47 U.S.C. §227** *et seq.*).

3  Dated: April 15, 2016

                           ELLIS LAW GROUP, LLP

                        By */s/ Amanda N. Griffith*
                           Amanda N. Griffith
                           Attorney for Defendant
                           RASH CURTIS & ASSOCIATES

# EXHIBIT A

Todd M. Friedman (SBN 216752)
Arvin Ratanavongse (SBN 257619)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., Suite 725
Beverly Hills, CA 90212
Phone: 310-776-6657
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Aratanavongse@toddflaw.com
Attorneys for Plaintiff

FILED
MAR 04 2016
STEPHEN H. NASH CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____, Deputy Clerk
L. DIAZ

SUMMONS ISSUED

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT____09____

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF CONTRA COSTA**
**LIMITED JURISDICTION**

CELSO BORGES,

Plaintiff,

vs.

RASH CURTIS & ASSOCIATES; and DOES 1 to 20, INCLUSIVE,

Defendant.

) Case No. L16-00731-
)
) COMPLAINT FOR:
)
)   1. Violation of Rosenthal Fair Debt
)      Collection Practices Act
)   2. Violation of Fair Debt Collection
)      Practices Act
)   3. Violation of Telephone Consumer
)      Protection Act
)
) (Amount not to exceed $10,000)

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims

First Amended Complaint - 1

for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, CELSO BORGES ("Plaintiff"), is a natural person residing in Contra Costa county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, RASH CURTIS & ASSOCIATES ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 20, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure.*

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

6. At all times mentioned, each of the defendants, whether actually named or fictitiously named, was the agent of the other defendants, whether actually named or fictitiously named, and each other and was at all times acting within the purpose and scope of such agency. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein

First Amended Complaint - 2

each defendant, whether actually or fictitiously named was the principal, agent or employee of each other defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to plaintiff for the relief prayed for herein. At all times relevant herein, defendants ratified the unlawful conduct of the other defendants, who were acting within the scope of their agency or employment, by accepting the benefits of the transaction(s) with knowledge of the wrongdoing, or otherwise by failure to repudiate the misconduct.

### III. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

8. On or about December, 2015 Plaintiff began receiving calls from Defendant in an attempt to collect an alleged debt owed by Plaintiff.

9. Defendant contacted Plaintiff daily on his cell phone at (415) XXX-6112, in connection with an attempt to collect a debt allegedly owed by Plaintiff.

10. On at least one occasion, Plaintiff spoke with a live person attempted to make a payment plan to pay off the Defendant, but Defendant refused to accept a payment plan.

11. Defendant contacted Plaintiff at times and places that were known to be inconvenient and with such frequency at to constitute harassment under the circumstances, including but not limited to, multiple calls per week.

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

b. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

c. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));and

d. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, (§ 1692c(a)(1)).

13. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

14. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

///

///

///

///

First Amended Complaint - 4

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees,

    D.    For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages;

    C.    Costs and reasonable attorney's fees; and,

    D.    For such other and further relief as may be just and proper.

### COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

18.    Plaintiff reincorporates by reference all of the preceding paragraphs.

19.    To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CELSO BORGES hereby demands a trial by jury on all claims.

Dated: February 29, 2016            LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: _____
Todd M. Friedman, Esq.
Arvin Ratanavongse, Esq.
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On April 15, 2016, I served the following document(s) on the parties in the within action:

**DEFENDANT RASH CURTIS & ASSOCIATES' NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)**

| | |
|---|---|
| X | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

Todd Friedman                           Attorneys for Plaintiff
Law Offices of Todd Friedman            CELSO BORGES
324 S. Beverly Dr.
Suite 725
Beverly Hills, CA 90212


I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 15, 2016.

By. _____
    Jennifer Mueller

DEFENDANT RASH CURTIS & ASSOCIATES' NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)